FILED
07 JAN 23 PM 4:58
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAKIN FRUIT COMPANY, a Washington Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAMS AG COMMODITIES BROKERAGE, INC., A California Corporation; CLINT WILLIAMS, an individual; and H. WILT WILLIAMS, JR., an individual,<br><br>Defendants. | CASE NO. 07-CV-144 – IEG (RBB)<br><br>**TEMPORARY RESTRAINING ORDER** |

Presently before the court is Eakin Fruit Company's ("plaintiff") Ex Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by Declaration or verified complaint that immediate and irreparable injury, loss or damage will result before adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the Declaration of Michael R. Riehl, Director of Sales for plaintiff, that plaintiff Eakin Fruit Company is a produce dealer and trust creditor of defendant Williams AG Commodities Brokerage, Inc. ("Williams AG") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount

of $53,038.75 supplied to Williams AG as required by PACA. The Declaration of Michael R. Riehl and Certification of Counsel reveals that plaintiff believes defendant is in severe financial jeopardy and that PACA trust assets are being dissipated or threatened with dissipation and that defendant is not or may not be in a position to pay creditor's claim. See Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990); JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990). Thus, the relief requested by plaintiff is warranted. On the basis of the pleadings, the Declaration of Michael R. Riehl, and other submissions plaintiff has filed in this matter, it appears plaintiff will suffer immediate and irreparable injury due to Williams AG's dissipation of plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c). In addition, this threatened dissipation will continue in the absence of immediate injunctive relief.

If notice is given to Williams AG and the other defendants named in the lawsuit, Clint Williams and H. Wilt Williams, Jr., of the pendency of this motion, trusts assets will be further threatened with dissipation before the motion on preliminary injunction can be heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is nearly impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411; J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989). Entry of this Temporary Restraining Order without notice assures retention of the trust assets under the control of this court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c). In accord with Fed. R. Civ. Pro. 65(b)(2), plaintiff's attorney has certified why notice should not be required.

Based on the foregoing reasons and consideration of plaintiff's papers, the court finds that plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of the loss of trust assets. Thus, a Temporary Restraining Order should be issued without notice to the defendants.

The court hereby orders that:

(1) Defendant Williams AG, its member agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Williams AG, including Clint Williams and H. Wilt Williams, are enjoined and

|   |   |
|---|---|
| 1 | restrained from dissipating, paying, transferring, assigning, or selling any and all assets |
| 2 | covered by or subject to the trust provisions of PACA without agreement of the |
| 3 | plaintiff, or until further order of the court. Under §499e(c)(2) of PACA, the assets |
| 4 | subject to this order include all assets of Williams AG unless Williams AG can prove |
| 5 | to this court that a particular asset is not derived from perishable agricultural |
| 6 | commodities, inventories of food or other products derived from perishable agricultural |
| 7 | commodities or receivables or proceeds from the sale of such commodities or products. |
| 8 | Provided however, Williams AG may sell perishable agricultural commodities or |
| 9 | products derived from perishable agricultural commodities for fair compensation, |
| 10 | without right of set-off, on the condition that Williams AG maintains the proceeds of |
| 11 | such sale subject to this order. |

(2) This Temporary Restraining Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this order by personal service or other acceptable means of service.

(3) The $53,038.75 in PACA trust assets belonging to plaintiff and in the possession of defendants will serve as plaintiff's security for this injunction as required by Rule 65(c) of the Fed. R. Civ. Pro.

(4) Plaintiff shall **forthwith** serve defendants with a copy of this order, together with the annexed Declaration of Michael R. Riehl, and Memorandum of Law in Support of Ex-Parte Motion for Temporary Restraining Order, and any other documentation previously filed with the court, in accordance with the Fed. R. Civ. Pro.

(5) This Temporary Restraining Order is entered this 23rd day of January 2007 at 3:20 p.m.

(6) A hearing on plaintiff's motion for preliminary injunction is set for **February 6, 2007 at 10:00 a.m. in Courtroom 1** of the Edward J. Schwartz United States District Courthouse, 940 Front St., San Diego CA 92101.

(7) Defendants' opposition to the plaintiff's motion for preliminary injunction, if any, shall be filed **no later than January 31, 2007** with a courtesy copy to be delivered to

chambers on that date.

(8)  Plaintiff's reply, if any, shall be filed **no later than February 2, 2007.**

**IT IS SO ORDERED.**

Dated: _1/23/07_

_Irma E. Gonzalez_
**Hon. Irma E. Gonzalez, Chief Judge**
United States District Court
Southern District of California